***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has shown good grounds to reconsider the evidence; therefore, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matter of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. The employer/defendant had no workers' compensation insurance at the time of the employee/plaintiff's injury by accident.
3. Employee/Plaintiff was injured on August 18, 1999 when he fell from a truck leased by Employer/Defendant.
4. At the time of Employee/Plaintiff's injury he was performing maintenance on a refrigeration unit located above the cab of Employer/Defendant's truck while the truck was parked at a gas station located near Spartanburg, SC.
5. As the result of Employee/Plaintiff's fall, he suffered injuries to his head, right great toe, right thumb, and right eye.
6. Employee/Plaintiff was determined to be permanently and totally disabled by Dr. Eric Rhoton on June 8, 2000 as the result of the injuries he suffered on August 18, 1999.
Plaintiff is in fact permanently and totally disabled as a result of his injury.
8. Employer/Defendant has completed a Form 22 and submitted it to the Commission. According to the Form 22 completed by the Employer/Defendant, Employee/plaintiff's average weekly wage was $357.35, which results in a compensation rate of $238.00.
9. Following the accident, Employer/Defendant paid Employee/Plaintiff the total sum of $700.00, which defendant claims was paid as assistance and not as compensation.
10. A red index binder containing medical records was marked as exhibit S-1 and received into evidence.
11. An index of exhibits was marked as exhibit S-2 and received into evidence.
12. A uniform t-shirt was marked as exhibit S-3 and received into evidence.
13. A uniform sweatshirt was marked as exhibit S-4 and received into evidence.
14. A price list was marked as exhibit S-5 and received into evidence.
15. A September 3, 1999 statement was marked as exhibit S-6 and received into evidence.
16. Subsequent to the hearing, plaintiff's 1999 income tax return was marked as exhibit S-7 and received into evidence.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. From May 14, 1999 until December 31, 1999, plaintiff was employed by defendant-employer Carolina Mountain Greens Inc. d/b/a MJ Ferns as a truck driver. Plaintiff delivered flowers and greenery to various florists throughout the "Midlands" route, which took him from Inman, South Carolina through Rutherfordton, Charlotte, Statesville, Lenoir, and Winston-Salem, North Carolina.
2. On or about August 18, 1999, Michael Mancinik served as the corporate president for Carolina Mountain Greens Inc. d/b/a MJ Ferns.
3. On or about August 18, 1999, Christopher Gardner served as the corporate vice-president for Carolina Mountain Greens Inc. d/b/a MJ Ferns.
4. On or about August 18, 1999, Linda Mancinik served as the corporate secretary for Carolina Mountain Greens Inc. d/b/a MJ Ferns.
5. On or about August 18, 1999, Jason Gardner served as the corporate treasurer for Carolina Mountain Greens Inc. d/b/a MJ Ferns.
6. During direct examination of Michael Mancinik, defendant's counsel specifically inquired as to what discussions took place between plaintiff and Mr. Mancinik concerning whether plaintiff would be an employee or an independent contractor when he operated the delivery truck leased to him by Mr. Mancinik. Mr. Mancinik responded that he did not want to take out taxes on plaintiff so plaintiff agreed to be an "independent contractor."
7. In May 1999, plaintiff entered into an oral agreement with Mr. Mancinik that plaintiff would be paid a base salary of $250.00 a week to drive a delivery truck for Carolina Mountain Greens Inc. d/b/a MJ Ferns. In addition to this salary, plaintiff would receive a five percent (5%) commission based upon the total sales he made each week.
8. Plaintiff had no special skills in driving a delivery truck prior to signing a statement that he would be an independent contractor in operating the delivery truck leased to him by Carolina Mountain Greens Inc. d/b/a MJ Ferns.
9. Mr. Mancinik paid for the maintenance costs and general liability insurance costs on the delivery truck that he leased to plaintiff. The insurance policy purchased by Mr. Mancinik to cover the delivery truck operated by plaintiff identified the insured as Carolina Mountain Greens. Mr. Mancinik provided $100.00 a week to plaintiff to cover the cost of fuel in the operation of the delivery truck that he provided to plaintiff.
10. Defendant-Michael Mancinik, corporate president for Carolina Mountain Greens Inc. d/b/a MJ Ferns, willfully engaged in a scheme to have Carolina Mountain Greens Inc. d/b/a MJ Ferns avoid its statutory responsibility to provide workers' compensation coverage for any of its employees by requiring plaintiff to sign a statement that he was an independent contractor and that he would be responsible for paying his own taxes and reporting his wages to the IRS.
11. Carolina Mountain Greens Inc. d/b/a MJ Ferns did not take taxes out of plaintiff's salary but instead prepared a 1099 for him so that plaintiff would be responsible for reporting taxes he owed to the IRS.
12. Mr. Mancinik assigned plaintiff to make deliveries on a route that had existed for almost five years. Mr. Mancinik had originally been the driver on this particular route for almost a two-year period. The route was based upon a customer's list that had been developed over the five-year period. It took plaintiff Monday, Tuesday, Wednesday, and Thursday to make stops to all customers on the customer list provided to plaintiff by Mr. Mancinik. Plaintiff requested that he be able to remove certain customers from the route given that certain customers did not consistently purchase goods; however, Mr. Mancinik denied this request. To the extent that Mr. Mancinik testified otherwise at the hearing, the Full Commission finds his testimony not credible.
13. While Mr. Mancinik testified that Bud Harlow was paid on a straight commission, Mr. Harlow admitted that he was paid a salary and a commission similar to plaintiff.
14. Plaintiff wore a uniform provided by Mr. Mancinik while working on his route.
15. The products plaintiff transported and the prices of such products were determined by Mr. Mancinik.
16. Plaintiff was not responsible for purchasing unused inventory.
17. At the end of each work week, plaintiff was responsible for delivering the complete week's income to Mr. Mancinik in Florida by overnight courier.
18. The bills sent to customers identified "Carolina Mountain Greens d/b/a MJ Ferns" as the entity that sold the products plaintiff delivered.
19. Carolina Mountain Greens, Carolina Mountain Greens, Inc., and Carolina Mountain Greens, Inc. d/b/a MJ Ferns are the same entity.
20. Carolina Mountain Greens, Inc. d/b/a MJ Ferns engaged in business with three or more employees from at least May 14, 1999 through December 31, 1999. Carolina Mountain Greens, Carolina Mountain Greens, Inc., and Carolina Mountain Greens, Inc. d/b/a MJ Ferns Roofing willfully refused or neglected to secure workers' compensation coverage for his employees.
21. On August 18, 1999, Michael Mancinik had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93
and willfully failed to do so.
22. The defense of this claim was based upon stubborn, unfounded litigiousness notwithstanding plaintiff's representations made to the IRS in his 1999 tax return.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff was an employee of defendant-employer Carolina Mountain Greens, Inc. d/b/a MJ Ferns. Hayes v. Board of Trustees of Elon College,224 N.C. 11, 16, 29 S.E.2d 137, 140(1944).
2. Every executive officer elected or appointed and empowered in accordance with the charter and bylaws of a corporation is an employee of such corporation under N.C. Gen. Stat. §§ 97-93 and 97-2(2).
3. The North Carolina Industrial Commission has jurisdictional authority over plaintiff's claim. N.C. Gen. Stat. § 97-3.
4. On August 18, 1999, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer Carolina Mountain Greens, Inc. d/b/a MJ Ferns. N.C. Gen. Stat. § 97-2(6).
5. Defendant-employer Carolina Mountain Greens, Inc. d/b/a MJ Ferns is liable for the injuries sustained by plaintiff on August 18, 1999. N.C. Gen. Stat. § 97-19.
6. Plaintiff is entitled to have defendant-employer Carolina Mountain Greens, Inc. d/b/a MJ Ferns pay ongoing total disability compensation in the amount of $228.00 per week beginning December 31, 1999 and continuing. N.C. Gen. Stat. § 97-29.
7. Carolina Mountain Greens, Inc. d/b/a MJ Ferns unreasonably defended this claim and is therefore subject to an assessment of attorney's fees by the Industrial Commission. N.C. Gen. Stat. § 97-88.1.
8. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less that fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases; therefore Carolina Mountain Greens, Inc. d/b/a MJ Ferns is subject to imposition of the statutorily prescribed civil penalty for violation of this statute. N.C. Gen. Stat. § 97-94(b).
9. Michael Mancinik had the ability and authority to bring Carolina Mountain Greens, Inc. d/b/a MJ Ferns into compliance with N.C. Gen. Stat. § 97-93 and may be assessed a penalty not exceeding 100% of the amount of compensation due to defendant-employers' employees injured during the time the defendant-employer failed to comply with N.C. Gen. Stat. § 97-93. In this case, the compensation due the injured employee amounts to $40,936.00 and Mr. Mancinik is subject to imposition of a civil penalty no greater than this amount for his violation of N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Carolina Mountain Greens, Inc. d/b/a MJ Ferns shall pay ongoing disability compensation to plaintiff in the amount of $238.00 per week beginning December 31, 1999 and continuing until further order of the Industrial Commission. The portion of this amount that has accrued shall be paid in a lump sum directly to plaintiff.
2. A reasonable attorney fee in the amount of twenty-five percent (25%) of the compensation due plaintiff under Paragraph 1 is approved and shall be paid directly to plaintiff's counsel of record. Carolina Mountain Greens, Inc. d/b/a MJ Ferns shall pay an attorney fee equal to twenty-five percent (25%) of the lump sum paid to plaintiff. Thereafter, Carolina Mountain Greens, Inc. d/b/a MJ Ferns shall pay $238.00 every four weeks directly to plaintiff's counsel of record until further order of the Industrial Commission. This award of attorney's fees shall not be deducted from the amounts Carolina Mountain Greens, Inc. d/b/a MJ Ferns owes to the plaintiff and is awarded based upon defendant-employer's stubborn, unfounded litigiousness.
3. Pursuant to N.C. Gen. Stat. § 97-94(b), a civil penalty is hereby assessed against Carolina Mountain Greens, Inc. d/b/a MJ Ferns in the amount of $11,550.00 for its refusal to maintain workers' compensation coverage on his employees for the time period beginning May 14, 1999 to through December 31, 1999. Carolina Mountain Greens, Inc. d/b/a MJ Ferns shall make a check payable to the Industrial Commission in the amount of $11,550.00. This check shall be sent directly to Administrative Officer Kay Emanuel at the Industrial Commission.
4. Pursuant to N.C. Gen. Stat. § 97-94(d), a civil penalty is hereby assessed against Michael Mancinik in the amount of $40,936.00 for his failure to maintain workers' compensation coverage on his employees on August 18, 1999. Mr. Mancinik shall make a check payable to the Industrial Commission in the amount of $40,936.00. This check shall be sent directly to Administrative Officer Kay Emanuel at the Industrial Commission.
5. Carolina Mountain Greens, Inc. d/b/a MJ Ferns and Michael Mancinik shall pay the costs due the Commission.
6. Plaintiff shall prepare an itemized list of all medical expenses incurred by the plaintiff as a result of the August 18, 1999 compensable injury by accident and submit such list to the Full Commission.
This the ___ day of November 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER